IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 609-042 |
| | ) | |
| KEVIN TYRONE SAUNDERS | ) | |
| | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S 18 U.S.C. § 3582(c)(1)(A) MOTION

Defendant Kevin Tyrone Saunders, for the third time, moves for early release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 139.) His motion is based on family circumstances. But his claim is not "extraordinary and compelling" as required under U.S.S.G. § 1B1.13, application note 1. Alternatively, this Court should find that the factors under 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.13(2) do not support early release. Indeed, the Court has exercised it discretion and denied Saunders's previous request for sentence reduction based on its evaluation of the § 3553(a) factors. (Doc. 132 at 3-4.)) Therefore, this Court should, in its discretion, likewise deny Saunders's current motion.

### Factual and Procedural Background

In July 2009, under a written plea agreement, Saunders pled guilty to the offenses of unlicensed dealing in firearms, distribution of controlled substances within 1,000 feet of a school zone, and carrying a firearm during drug trafficking. (PSR ¶¶ 2-4, 6.) The presentence investigation report (PSR) reflected that Saunders had a total offense level of 30 with a criminal history category of IV, and an advisory

guideline range of 135 to 168 months' imprisonment, plus 60 months as to Saunders's third offense, to be served consecutively. (PSR ¶ 78.) In January 2010, the late Honorable Avant Edenfield sentenced Saunders to 60 months on the first offense, 120 months on the third offense to run concurrently with the first, and 60 months on the third offense to be served consecutively to the first two counts, for a total term of 180 months' imprisonment. (Docs. 54, 63.) Saunders did not directly appeal.

On March 20, 2014, Saunders moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Doc. 65.) Judge Edenfield denied the motion on March 31, 2014. (Doc. 66.) On October 22, 2015, the Honorable Dudley Bowen, Jr., *sua sponte*, denied Saunders a reduction in sentence under 18 U.S.C. § 3582(c)(2). (Doc. 73.) In June 2016, Saunders filed a motion to vacate his convictions and sentence under 28 U.S.C. § 2255. (Doc. 74.) This Court denied the motion in September 2016. (Doc. 82.) Saunders sought a certificate of appealability from the Eleventh Circuit, which it denied in November 2017. (Doc. 94.) In February 2019, Saunders moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(B), which this Court denied in May 2019. (Doc. 100.) On February 3, 2020, Saunders moved for immediate release. (Doc. 102.) On February 5, 2020, this Court denied the motion. (Doc. 103.) Saunders filed a notice of appeal and the Eleventh Circuit dismissed his appeal as frivolous. (Doc. 111.)

In November 2020, Saunders moved for early release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 113.) His motion was based on his alleged medical conditions of hypertension and obesity in light of the COVID-19 pandemic. (Doc. 113.) The

Government moved to dismiss arguing that Saunders failed to exhaust his administrative remedies. (Doc. 114 at 12-13.) Alternatively, the Government argued that Saunders's BOP medical records did not evidence obesity or hypertension, and that even if they did, the Court, in its discretion, should have denied Saunders's motion under the § 3553(a) factors. (Doc. 114 at 16-20). Saunders filed a motion for reconsideration showing that he filed a request for reduction-in-sentence (RIS) based on his alleged hypertension with BOP on November 5, 2020. (Doc. 122 at 3.) On December 30, 2020, the Court acknowledged that Saunders had not exhausted his administrative remedies before filing the motion, but still addressed the merits of his motion. (Doc. 122 at 3.) The Court ruled that Saunders's hypertension claim was not "extraordinary and compelling" and found that his obesity claim remained unexhausted. (Doc. 122 at 3-4.)

In January 2021, Saunders, again, moved for a § 3582(c)(1)(A) sentence reduction based on his medical conditions in light of the COVID-19 pandemic. (Docs. 123 at 1; 125 at 2.) The Government argued that although Saunders did have a medical condition that qualified as "extraordinary and compelling," the Court should deny Saunders's motion under the factors in § 3553(a) and § 1B1.13(2). (Doc. 126 at 1, 17-21.) The Court denied Saunders's motion. The Court found that Saunders "met his burden to show extraordinary and compelling reasons." (Doc. 132 at 3.) However, the Court also found that the § 3553(a) factors weighed in favor of Saunders "serving the sentence imposed." (Doc. 132 at 3.) The Court noted that Saunders's "criminal history is concerning," which included "one conviction for burglary, one for possession

3

of cocaine, and one for domestic violence during which he punched his child's mother in the face." (Doc. 132 at 4.) The Court further noted that Saunders had been sanctioned by BOP at least three times since his incarceration. (Doc. 132 at 4.)

Now, Saunders submits his third § 3582(c)(1)(A) motion. (Doc. 139.) He is incarcerated at FCI Butner Medium II, located in Butner, North Carolina with a projected release date of December 11, 2023.[1]

## Legal Analysis

### A. *Statutory Background*

Title 18, United States Code, § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .

---

[1] BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Aug. 29, 2022). Projected release date indicates release from BOP custody and may not reflect date by which BOP will consider defendant for placement in a halfway house, a residential reentry center or home confinement.

4

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

The 30-day administrative exhaustion requirement is a mandatory claim-processing rule, meaning that, while not jurisdictional, a district court must dismiss when the issue is raised by the Government.[2] *See United States v. Harris*, 989 F.3d 908, 911-12 (11th Cir. 2021) (discussing how § 3582(c)(1)(A) imposes an exhaustion requirement on prisoners to pursue before moving on their own behalf in district court) (citing *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)); *United States v. Johnson*, No. 20-13919, 2021 U.S. App. LEXIS 24962, at *11 (11th Cir. Aug. 20, 2021) (holding it was not error for district court to deny defendant's § 3582(c)(1)(A) motion when he did not first administratively exhaust his remedies); *see also Alam*, 960 F.3d at 833 (holding § 3582(c)(1)(A)'s 30-day administrative exhaustion requirement is claim-processing rule which "must be enforced" when "properly invoked"); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) ("We conclude that the requirement is *not* jurisdictional, but that it *is* mandatory.").

Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered

---

[2] Saunders has exhausted his administrative remedies as required under § 3582(c)(1)(A). (Exh. A.)

an "extraordinary and compelling" reason. Accordingly, the relevant policy statement of the Commission is binding on the Court. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("In short, we hold that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."), *cert. denied*, 142 S. Ct. 583 (2021).

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." "[T]he important operative provisions of the policy statement are found in the application notes." *See Bryant*, 996 F.3d at 1260. In application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A)   Medical Condition of the Defendant.—
>
> (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

6

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

As noted above, this definition of "extraordinary and compelling reasons" is binding. *See Bryant*, 996 F.3d at 1262; *see also United States v. Wilks*, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the

7

Guidelines.") (internal quotation marks omitted). Consistent with note 1(D), BOP promulgated Program Statement 5050.50 ("PS 5050.50"), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf, amended effective January 17, 2019, to set forth its evaluation criteria.

Thus, a district court cannot grant a § 3582(c)(1)(A) reduction unless the defendant meets three conditions: "first, that an extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13 [including that the defendant is not a danger to another person or the community]; and third, that § 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) (citing *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021)). A district court does not need to analyze these three conditions in any particular order. *See id.* "When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *Id.*

In general, a defendant has the burden to show circumstances meeting the test for early release. *See United States v. Granda*, 852 F. App'x 442, 442 (11th Cir. 2021) ("What's more, it was *Granda*'s burden to show that his circumstances warranted a reduction."); *see also United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). As the text in the statute makes clear, compassionate release is "rare" and "extraordinary." *See United States v. Buchanan*, No. 15-325, 2021 U.S. Dist. LEXIS 33187, at *4 (S.D. Fla. Feb. 23, 2021); *United States v. Willis,* 382 F. Supp. 3d 1185,

1187 (D.N.M. 2019) (citations omitted).

### B. Saunders's family-circumstances claim is not "extraordinary and compelling."

There are two categories of family circumstances that constitute "extraordinary and compelling reasons" for early release: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children[; or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[3] U.S.S.G. § 1B1.13, Application Notes(1)(C); *see United States v. Salcedo*, 859 F. App'x 551, 553 (11th Cir. 2021). Saunders seeks early release to provide emotional support and comfort to his wife during her cancer diagnosis. (Doc. 139 at 13.)

First, it is unclear whether Saunders is, in fact, this person's spouse or registered partner. According to Saunders's PSR, he has never been married, and he was in no romantic relationship at the time the PSR was prepared. (PSR ¶ 64.) Nor is his wife listed in the personal and family data section of his PSR. (PSR ¶¶ 60-64.) Saunders provides no meaningful evidence that this person is his wife. *See, e.g.*, *United States v. Merrill*, 847 F. App'x 675, 677 (11th Cir. 2021) (affirming district court's denial of motion for compassionate release where defendant failed to support his claim with evidence); *United States v. Mitchell*, No. CR 312-003, 2020 U.S. Dist.

---

[3] Saunders suggests that district courts are no longer limited to the guidelines' definition of extraordinary and compelling. (Doc. 139 at 8-9, 15.) The Eleventh Circuit, though, has determined otherwise. *See Bryant*, 996 F.3d at 1262.

9

LEXIS 167687, at *2 (S.D. Ga. Sept. 14, 2020) (denying the defendant's motion for compassionate release where he failed to present evidence to meet the "extraordinary and compelling circumstances" standard); *United States v. Newell*, No. CR513-009, 2020 U.S. Dist. LEXIS 137803, at *5 (S.D. Ga. Aug. 3, 2020) (finding that the defendant did not meet the extraordinary and compelling criteria as required under § 1B1.13, application note 1 where he failed to support his motion for compassionate release with evidence).

Next, and more importantly, Saunders has provided no evidence of incapacitation. The guidelines do not specifically define "incapacitation." In *United States v. Doolittle*, No. 19-501, 2020 U.S. Dist. LEXIS 127801 (D.N.J. July 21, 2020), the district court looked to the BOP Program Statement § 5050.50 for "guidance on what constitutes 'incapacitation.'" *Id.* at *7-*8. The Program Statement defines incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [person]. . . is completely disabled, meaning that the [person] . . . cannot carry on any self-care and is totally confined to a bed or chair." BOP Program Statement § 5050.50; *Doolittle*, 2020 U.S. Dist. LEXIS 127801, at *7-*8.; *United States Rodriguez*, No. 2:03-cr-00271, 2020 U.S. Dist. LEXIS 58718, at *16-*17 (E.D. Pa. Apr. 1, 2020) (finding that the policy statement "remains informative" in evaluating a motion under the First Step Act and citing various cases holding the same). The dictionary similarly defines "incapacitation" as "the state of not having the necessary ability, qualification, or strength to perform some specified act or

10

function."[4]  Saunders's wife does not meet either definition.  According to a letter written by his wife's medical provider, his wife has been responding well to her treatments and is currently stable.  (Doc. 139 at 105.)  Her medical records also support this assessment.  (Doc. 139 at 12.)  Her medical encounter on February 10, 2022 noted that she was "overall doing well physically with no pain."  (Doc. 139 at 25.)  In fact, her March 2022 progress note stated that she went on a family vacation and had "no fevers, chills or infectious type symptoms."  (Doc. 139 at 21.)

Finally, Saunders has not established that he is the only available caregiver. His alleged wife's most recent medical records mention she recently vacationed with family, showing that there are potentially others, besides Saunders, to care for her. (Doc. 139 at 21, 58.)  Notably, her medical records state that she has four children. (Doc. 139 at 58.)  *Cf.*, *United States v. Lambert*, No. CR 116-079, 2020 U.S. Dist. LEXIS 186116, at *5 (S.D. Ga. Oct. 7, 2020) (finding that Lambert's "claim that his mother cannot provide childcare is belied by his plan to move himself and the children into his mother's home upon release"); *United States v. Kent*, 2019 U.S. Dist. LEXIS 217490 (W.D. Ark. Dec. 16, 2019) (finding no extraordinary circumstances though family members lost their home in the Paradise fire because there were relatives to care for them); *United States v. Hill*, 2020 WL 3037226 (W.D. Ark. June 5, 2020) (finding that there was insufficient evidence that the defendant was the only caregiver for his ailing wife); *United States v. Dogan*, 2020 WL 4208532, at *3 (E.D.

---

[4] *See* DICTIONARY.COM, *Incapacitation*, available at https://www.dictionary.com/browse/incapacitation (last visited Aug. 29, 2022).

11

Cal. July 22, 2020) ("The Court recognizes that caring for children fulltime, in the midst of a public health crisis, is increasingly challenging. But it is neither unusual or insurmountable."); *United States v. Carr*, 2020 WL 1815910 (D. Colo. Apr. 10, 2020) (denying motion for compassionate release as care is available for the defendant's minor children).

Consequently, Saunders's family circumstances do not warrant early release.

### C. *Alternatively, Saunders's motion should be denied based upon § 3553(a) considerations as well as being a danger to the community.*

Finally, even if Saunders were to demonstrate an extraordinary and compelling reason, his motion should still be denied based on the § 3553(a) factors. *See Giron*, 15 F.4th at 1347; *Tinker*, 14 F. 4th at 1237-38; *United States v. Cook*, 998 F.3d 1180, 1184-85 (11th Cir. 2021). "[A] district court is not required to articulate its reasoning in great detail, as long as the record reflects that it considered the applicable § 3553(a) factors." *United States v. Deorio*, No. 20-13723, 2021 U.S. App. LEXIS 24739, at *2 (11th Cir. Aug. 19, 2021) (citing *Cook*, 998 F.3d at 1185). Further, Saunders cannot satisfy § 1B1.13(2), which requires a finding that "the defendant is not a danger to the safety of any other person or to the community . . . ."

Analyzing the § 3553(a) factors—including the nature of the offense, the history and characteristics of the defendant, and the need to protect the public and provide deterrence—supports this Court denying Saunders's motion. In the present case, from August 28, 2008 to October 2, 2008, Saunders sold undercover federal agents "numerous prescription pills, cocaine, and [13] firearms." (PSR ¶ 24.) Because

Saunders sold different controlled substances, for guideline purposes, their weight was converted to their marijuana equivalent attributing him with a total drug quantity of 834.4 kilograms. (PSR ¶ 25.) Saunders also has a notable criminal history, which this Court previously found "concerning," including one conviction for burglary, one for possession of cocaine, and one for domestic violence—for one of which he received probation only to be subsequently revoked. (Doc. 132 at 4; PSR ¶¶ 52-54.) In the domestic violence incident, Saunders went to the residence of his child's mother where he took her to the back of the residence, cursed at her, pulled out a black pistol and racked its slide, and punched her twice in the face. (PSR ¶ 54.) Still, Saunders remained undeterred from criminal conduct. What is more, since this Court's previous § 3582(c)(1)(A) denial in February 2021, Saunders was sanctioned by BOP for assault in June 2021.[5] (Exh. B.) *See United States v. Wedgeworth*, 837 F. App'x 739, 740 (11th Cir. 2020) (holding district court did not abuse discretion denying § 3582(c)(1)(A) motion when it considered defendant's "apparent lack of deterrent effect resulting from her previous sentences").

Therefore, releasing Saunders early would not reflect the seriousness of his offense, provide just punishment, promote respect for the law, or protect the community. This Court should exercise its discretion and decline to grant Saunders's motion for early release.

---

[5] Notably, at the time of Saunders's previous motion, his release date was November 14, 2023. (Doc. 132 at 4.) Now, his release date is a month later on December 11, 2023. *See* BOP Inmate Locator.

13

## Conclusion

For the foregoing reasons, the United States respectfully requests that Defendant's § 3582(c)(1)(A) motion (Doc. 139) be denied.

Respectfully submitted,

DAVID H. ESTES
UNITED STATES ATTORNEY

***/s/ Channell V. Singh***
Channell V. Singh
Assistant United States Attorney
Georgia Bar No. 216540
channell.singh@usdoj.gov

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") that was generated as a result of electronic filing in this Court. Additionally, a copy has been mailed to:

Kevin Tyrone Saunders, Reg. No. 14085-021
FCI Butner Medium II
Federal Correctional Institution
Inmate Legal Mail
P.O. Box 1500
Butner, NC 27509

This August 30, 2022.

                                            Respectfully submitted,

                                            DAVID H. ESTES
                                            UNITED STATES ATTORNEY

                                            ***/s/ Channell V. Singh***
                                            Channell V. Singh
                                            Assistant United States Attorney
                                            Georgia Bar No. 216540
                                            channell.singh@usdoj.gov

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422