UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 6:09cr042 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KEVIN TYRONE SAUNDERS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to ___. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his family circumstances qualify as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) that warrants compassionate release. Specifically, he seeks early release to care for his wife while she battles cancer. However, Defendant has not shown that his wife is incapacitated, i.e. "completely disabled, meaning that the [person] . . . cannot carry on any self-care and is totally confined to a bed or chair." BOP Program Statement § 5050.50. To the contrary, evidence submitted in support of Defendant's motion reflects that his wife has been responding well to treatments, is currently stable, and is "overall doing well physically with no pain." Dkt. No. 139 at 25, 105. Moreover, Defendant does not provide any evidence that there is no other person available to care for his wife. The Court concludes Defendant has not met his burden to show an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A).

Furthermore, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the underlying case, Defendant sold undercover federal agents

3

numerous prescription pills, cocaine, and firearms. The presentence investigation report attributed Defendant with a total drug quantity of 834.4 kilograms. Pursuant to a written plea agreement, Defendant pleaded guilty to the offenses of unlicensed dealing in firearms, distribution of controlled substances within 1,000 feet of a school zone, and carrying a firearm during drug trafficking. With a total offense level of thirty and a criminal history category of IV, his advisory guideline range was 135 to 168 months' imprisonment, plus sixty months as to the third offense, to be served consecutively. The Court ultimately sentenced Defendant to a total term of 180 months' imprisonment. Currently, Defendant's projected release date is December 11, 2023, meaning he has approximately fifteen months left to serve. If Defendant were released now, he will have served below both his guidelines range and sentence. Moreover, Defendant's criminal history is concerning. He has one conviction for burglary, one for possession of cocaine, and one for domestic violence during which he punched his child's mother in the face. For one of these offenses, he was granted probation only for it to be revoked. It appears Defendant's past criminal activity did not deter him from committing another offense. Indeed, Defendant has been sanctioned by the Bureau of Prisons at least five times since his incarceration, the most recent time being for assault. See Dkt. No. 143-2 at 1. While Defendant urges the Court to consider his offenses were "nonviolent," Defendant's criminal history shows that he is indeed capable of violence. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

September 12, 2022.

_____
UNITED STATES DISTRICT JUDGE