# In the United States District Court for the Southern District of Georgia Statesboro Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CR 609-042 |
| v. ) | |
| ) | |
| KEVIN TYRONE SAUNDERS, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Defendant Kevin Saunders's motions for reconsideration of the Court's Order denying his motion for compassionate release. Dkt. Nos. 149, 150. The Government has responded in opposition, dkt. no. 151, and the motions are ripe for review.

### LEGAL AUTHORITY

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case." United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013). Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases. See United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010).

"In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed

in civil cases under Federal Rule of Civil Procedure 59." <u>United States v. Smith</u>, No. CR115-063, 2020 WL 4368270, at *1 (S.D. Ga. July 30, 2020). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).

## DISCUSSION

In its Order denying Defendant's motion for compassionate release, the Court found that Defendant had not met his burden to show an "extraordinary and compelling reason" warranting his release, and, further, that even if he had met that burden, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the rest of his imprisonment sentence. Dkt. No. 147. Specifically, the Court found that Defendant's family circumstances, i.e. his wife's battling cancer, do not warrant compassionate release because the evidence did not show his wife "is incapacitated, i.e. 'completely disabled, meaning that the [person] . . . cannot carry on any self-care and is totally confined to a bed or chair.'" <u>Id.</u> at 3 (citing BOP Program Statement § 5050.50). With regard to the § 3553(a) factors, the Court examined the circumstances of the underlying offense, Defendant's significant criminal history, his prior probation revocation, the sentencing concessions from which Defendant had

2

already benefitted, and his numerous sanctions while in Bureau of Prisons' custody. Id. at 4-5.

In his motion for reconsideration, Defendant makes two main arguments. First, he contends the Court erred in finding that his wife is not incapacitated. Dkt. No. 149 at 3-4. Second, he contends his post-conviction rehabilitation should change the Court's conclusion that the § 3553(a) factors weigh in favor of him serving the remainder of his sentence. Id. at 4.

In support of his argument that his wife is incapacitated, Defendant attaches letters from his wife's daughter, friend, and doctor, as well as his wife, herself. Dkt. Nos. 149 at 6-9, 150 at 4. The letters express that Defendant's wife does not have consistent support from others and is often left to manage by herself. See id. Additionally, the doctor's letter states the Defendant's wife "would benefit from having help with transportation and caring for her 13 year old son while going through chemotherapy." Dkt. No. 150 at 4. However, the same doctor's letter, written September 6, 2022, states that Defendant's wife is, at this time, stable. Id. Importantly, the letters do not show that Defendant's wife is incapacitated, i.e. "completely disabled, meaning that [she] . . . cannot carry on any self-care and is totally confined to a bed or chair." BOP Program Statement § 5050.50. While the Court sympathizes with Defendant's wife's diagnosis and the hardships that come

3

along with it, the fact remains that Defendant has not met his burden of proving that compassionate release is warranted. United States v. Jordan, No. 3:16-CR-92-J-39PDB, 2020 WL 1640097, at *3 (M.D. Fla. Apr. 2, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

Next is Defendant's argument that his post-conviction rehabilitation is sufficient to overturn the Court's conclusion that the § 3553(a) factors weigh in favor of Defendant serving the remainder of his imprisonment sentence. Dkt. No. 149 at 4. While the Court commends Defendant for furthering his education and making other positive changes while incarcerated, his post-conviction rehabilitation alone does not tip the scales in favor of compassionate release, nor does it convince the Court that Defendant is no longer a danger to society. As the Court concluded in its previous Order, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the remainder of his sentence.

## CONCLUSION

The Court **DENIES** Defendant's motions for reconsideration, dkt. nos. 149, 150, and **AFFIRMS** its prior Order denying his motion for compassionate release.

**SO ORDERED**, this 5 day of October, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA